Case No. 16-1368 Mark E. Laccetti, Petitioner v. Securities and Exchange Commission Mr. Cox for the Petitioner, Mr. Freeman for the Respondent, Ms. Helvin for the Respondent Good morning, Mr. Cox Good morning, Your Honor, and may it please the Court, I'd like to reserve five minutes for rebuttal Government agents at the PCAOB, using Federal power, took testimony from the Petitioner while denying his lawyer the assistance of an expert to help defend the deposition That questioning involved arcane issues of accounting and auditing, and that's not surprising because the Board was created specifically to be a place where that expertise was brought to bear Significantly, the Government itself had expert help, and even had two experts participate in the questioning, asking roughly 500 questions over four days of interrogation The Government then turned around and used the testimony as the basement for an enforcement action to deprive Petitioner of his profession And all of this happened at a time when the Government agency was unconstitutionally structured, the result was a Government proceeding that was both unlawful and unfair Did the unconstitutional taint affect the investigation in any way? How would it have? Well, Your Honor, it affected the investigation in many ways I mean, that's the only part of the proceeding that was undertaken under the taint, right? Well, no, Your Honor Because once the Supreme Court decision came down, they shifted gears and got folks properly appointed and so forth So it's the investigation that's suspect in your theory, is that right? Well, two things, Your Honor For starters, the investigation clearly was suspect, it's not disputed That in the time that the investigation began, they made the decision to use their prosecutorial power in this way That was unconstitutionally structured under free enterprise It's undisputed that at the time that they took the next step and decided they were going to go forward, they were unconstitutionally structured It's also the case, Your Honor, that they never went back and revisited those decisions, even after free enterprise fought I thought they reviewed things de novo, didn't they? They say they reviewed things They didn't use any magic words like we ratify, right? No, they certainly did not, and again, no one says that they did We're not making a magic words argument, Your Honor What we are saying, though, is in the cases where subsequent decisions by lawful government agencies are deemed to ratify That the agencies have, in fact, gone back and grappled with the problem And here, they didn't So we think, Your Honor, that there was clearly unconstitutional action There was de novo review. What did that entail? Your Honor, the de novo review just looked at the record It didn't go back and say, would we have prosecuted this case? Would we have used our power and our resources in this way? And when you look, Your Honor, at Landry and SW General Those are cases that stand for the proposition that this type of structural error can't be ratified And in particular, when what you're talking about is an underlying exercise of prosecutorial discretion So, Your Honor, we think that there wasn't ratification here, implicit or otherwise We also don't think that there could have been How do you square Landry and Doolin, or do you? Well, Your Honor, I think that the answer to that is that Doolin is a case that Although intercollegiate suggests that, hey, maybe it's really about the Constitution It really is a statutory error, it's not a structural error And it's also not involving the exercise of prosecutorial discretion When you look at the opinion in Doolin, the court says two things that are quite odd It says, we have no doubt it would come out the same way They go on to say, we're sure, we're sure the agency would do the same thing Those are odd things for a court to say But specifically in SW General, the court said, we can't know We can't know what would happen when what you're talking about is prosecutorial discretion Let me just add, Your Honor, on your point about ratification We know what ratification looks like because the SEC just told us In the materials we put in through our 28J letter And those materials are significant because they show that robust ratification isn't de novo review You have to go back and look, as they say, at all procedural decisions And here, that includes all of the decisions taken at a time before Free Enterprise Fund And, Your Honor, my point about counsel is, I think, relevant here as well At the time they made these decisions about not permitting counsel to have the assistance of an expert They were an unconstitutional entity They didn't understand that they were operating under the Due Process Clause And so they made these decisions without taking into account the Due Process Clause If we agreed with you on the counsel point, do we get to anything else? No, Your Honor. I think that if you agree with us on the counsel point, that that is the end of the case And that on remand, the board can decide what they would want to do next But I think that under the circumstances here, we clearly have shown, if need be That there was injury from the counsel point And that the notion that a subsequent decision on the merits, which simply takes as a given The decision to prosecute and the documents that surround that decision Is inadequate to fix that particular problem How is it a violation of due process at the investigatory stage to not have an expert? Your Honor, I'd make three points, if I may For starters, the rule that the PCOB adopted tracks word for word The right to be accompanied, represented, advised by counsel The language in the APA This court, the district court in Whitman, construed that To say the right to counsel contains the right to have an expert And Whitman is strikingly on point It's a case about investigative testimony It's about talking to accountants And it says, when you're in that situation, that the lawyer has to have access to it So, there's that Well, there's, I mean, one, it's not binding on us To be sure But secondly, I mean, there's no question that the lawyer had access to an expert And that your client had access to an expert He just didn't have an expert sitting in there with him as he's answering questions That's right, Your Honor, but Are you saying that the expert would be able to tap him on the shoulder mid-answer And whisper in his ear to help him answer specific questions as they were being propounded to him? I think the point, Your Honor, is the expert would be able to tap the lawyer on the shoulder And whisper in the lawyer's ear to help the lawyer understand what the questioning is about And, Your Honor, you talk also about investigative testimony, as I said And that matters how, when the lawyer isn't answering the questions, the witness is The lawyer has, obviously, a very robust role in any of these government interrogations He can say that question's unclear, he can ask for clarification, he can say which of If the witness doesn't need clearing up and can answer the question Then what does it matter if the lawyer thinks the question's unclear? Well, Your Honor, when you look at the questioning, there are repeated instances where the witness is floundering and needs help That's number one Number two, with structure So the witness could take a recess, and the lawyer could take a recess And the expert could be right outside and they could confer with the expert That's right, Your Honor, but the right to counsel is more robust than that And that when you talk about investigative testimony, we made the argument that under Matthews The question is what processes do This court said in the American Railroad case that due process is about fairness And it's not fair to make the lawyer sit there while this interrogation is going on basically in another language And say, well, your recourse is to stop after every question and go out into the hallway You're asking for a right to tap the witness's toe under the table, right? No, Your Honor, I'm asking for the right to counsel as described in Whitman And as the point about it not being done No, I was trying to be procedurally I think you're arguing that you want to be able to have the lawyer to be able to help the witness And the lawyer needs to have the expert to do so That's right, I want the lawyer to be able to actually assist I do want to touch on my third argument, Your Honors, which is the oath The oath that we think is a very important issue here And that although after free enterprise fund the removal issue was addressed That the board at the time that made the decision to issue here It's still not taken the oath That's relevant both because it means that the board was still acting inconsistent with the Constitution But it also illuminates the fact that the time they were making these decisions They were not mindful that So your constitutional argument is that an officer cannot enter into office without having taken an oath? Is that your argument? That's certainly true for the President But the Constitution doesn't say that for the other officers, does it? Well, Your Honor, it does say everyone will take an oath And then the statute that was adopted in 1789 says you take that oath before you enter into service And that's the way it's been interpreted And these people not only didn't take it before they entered into service They didn't take it for five or six or seven years after they'd said to the Supreme Court Yeah, we're government agents I'll reserve the balance of my time Thank you Good morning, Your Honor May it please the Court Mark Freeman from the Department of Justice on behalf of the Commission Happy to start wherever it would be useful for the Court If I go first to the ratification question What about on the counsel, the expert issue? What is the rationale for not allowing that? Your Honor, on that point, actually, counsel for the Securities and Exchange Commission is going to address that I'm sorry, I know that that's a faux pas normally But we've asked the Court's indulgence so that I could be here to address the separation of powers questions Okay If the Court has questions on that front, we'd be glad to address them Yeah, on the separation of powers front Why don't we look at this as a situation where the prosecutorial decision that was made was made by an unconstitutional agency and that prosecutorial decision, as distinct from the subsequent adjudicative decision, was never ratified? So, I think this Court's decision in Doolin answers that question In Doolin, after all, that was the Office of Thrift Supervision where there was an enforcement action and the objection was made exactly along these lines that the decision to commence the enforcement action had been made by an improperly appointed director of OTS That went through an initial hearing, all the way to objections to the director At that point, a new director was properly appointed What this Court said was, the decision to find, by a preponderance of the evidence, that a violation had occurred necessarily affirmed and ratified the decision to investigate, initially, whether such a decision had occurred So, I have two questions One will be about Landry and the Selfless General The other, though, is that logic assumes that the prosecutorial and adjudicative functions of a combined agency are the same when, in fact, those functions are distinct Well, in Southwest General, they were distinct, Your Honor This Court made the point in Southwest General that the General Counsel of the NLRB is a statutorily independent body, appointed by the President, confirmed by the Senate and the Court could not be confident, in Southwest General, as a result that because it was the General Counsel of the NLRB who made the decision to commence a proceeding that the Board's determination, at the end, ratified that choice Now, in this case, as Your Honor knows, the Board is the one that voted to begin the investigation The Board then voted to institute the disciplinary proceeding and, at the end, the Board voted to find a violation All of the relevant powers here, unlike in Southwest General, were exercised by the Board itself and that was true in Doolin as well Don't you think the Board has a prosecutorial hat on at one point in that proceeding and an adjudicative hat on in the other? And do you think they're always wearing all the hats? Well, I think under the APA, Your Honor, they are always wearing the hats As the Court knows, the APA requires a division between prosecutorial and adjudicative functions for lower officers, but for the head of the agency specifically said that division does not apply And in Withrow v. Larkin and other cases, the Supreme Court has recognized that But more to your point, maybe it would be more satisfying to give a factual answer here In this case, the Board and the initial hearing officer were very well aware of the argument that the investigation by Petitioner, that the investigation should never have commenced Let's recall what happened here On the morning that Petitioner's hearing was scheduled to begin in front of the PCAOB the parties heard that the Supreme Court had issued its decision in free enterprise fund And so Petitioner's counsel said, hey, can we have a day to digest this? And the hearing officer said, sure And the next day, they moved to dismiss on the ground that the proceeding had been improperly initiated, commenced at a time when, under free enterprise fund, the Board was improperly structured The hearing officer rejected that contention Then there was an appeal to the Board, and Petitioner argued The investigation was improperly commenced You didn't decide whether to commence this And in five pages of its hundred-plus-page decision This begins at page 859 of the Joint Appendix The Board explained in detail why there was no problem And one of the points the Board specifically says is With due consideration, as properly appointed officers, we conclude that this investigation was conducted fully and fairly But it doesn't say, and this is their point, as you understand Yeah Which would have been easy to say, we ratify the decision to initiate the charges Right, and in Doolin, this Court specifically said that the decision to find a violation Right And even though, as the Court knows Do you think Landry's consistent with Doolin? I do, Your Honor I do think Landry's consistent with Doolin What Landry was explaining, and I know the Court understands this What's your explanation? Because, obviously, Judge Randolph took a different approach than Landry and thought And he, of course, is the author of Doolin Exactly Well, let me make a few points First, this Court addressed and rejected the same contention That Landry was inconsistent with Doolin and similar cases in the intercollegiate broadcasting case There's about a Part C of the discussion that rejects that contention So I think that's off the table for purposes of the panel But to answer the question directly I think what Landry addresses is the contention That the FDIC, I think, unwisely made in that case That this Court could not reach the merits of the Appointments Clause challenge to the ALJ at the FDIC Because the petitioner in that case could not show injury ex ante from the alleged Appointments Clause error They said, well, since you can't show that a correctly appointed person would have done something else Then, effectively, you don't have standing And what this Court said was, no, that's not how the Appointments Clause works We're going to presume that you have prejudice It's a structural error in that sense And so the equivalent here would be If Free Enterprise Fund had never been decided And it was the petitioner that was raising this argument on appeal to this Court We would not be able to say to the Court Well, you can't show that because of the removal restrictions on the members of the Board That the Board would not have found that you violated professional accounting standards And so you can't raise that argument That is what Landry forecloses What Doolin says is that when you have the same decision maker Who initiated a proceeding that says We think there's a reason to believe a violation may have occurred And then that very same decision maker Having been properly appointed and free of structural error Says a violation did, in fact, occur It's a blur of the two things, though It's a different inquiry The decision whether to initiate is different from the decision to sustain But again, Your Honor I get your point as a matter of common sense And also, I hope, as a matter of circuit precedent Well, that too But, of course, you would assume they would add the next sentence Or the missing sentence that the petitioners complained about But it wasn't there And the question, your point, is circuit precedent doesn't apply Well, let me offer one other, I think, principled answer Independent of those As the Court knows Ratification, the basic principle of common law ratification That ratification can be implicit And so That's not very persuasive in this context Well, but if ratification can be The Supreme Court in FEC v. NRA Victory Fund Said ratification is applied to the government Comes from common law principles If ratification can be implicit As it always has been a rule in the common law That ratification can be implicit Then there can't be a magic words requirement And that's what Doolin rejected Doolin said Although the Director did not use the word ratification It had the effect of ratifying And if that's true And if ratification can be implicit Then there's no reason why Although it might have been best practice For the Board to use the word ratify here There was no reason they were required to do so Are you the oath guy or is that the... Yes, I'm the oath guy Okay, yes What about the oath? So Bracketing the point about whether it's properly preserved Because we don't think they preserve that It's assumed for present questioning that it's preserved Yes We are not here contesting That the oath is a requirement On officers of the United States It is a requirement in Article VI of the Constitution Just as it is for officers of state government Before they take any significant action That is certainly the best practice That is not, we think, what the Constitution requires Is a minimum element Now, petitioners write That from the beginning of the Republic The statutes have generally required That persons take oaths I took an oath The statute requires that government officials take oaths But that statute, 5 U.S.C. 3331 Which is the oath requirement for federal employees Does not, by its terms, apply to the Board That's not a justification That's just, I think, an explanation For why we ended up where we are The rule that applies to the Board Is only the constitutional one Because the Board is not the government For statutory purposes And it was a mistake It was an oversight They should have taken the oath And we've been reliably informed That they have now taken the oath Petitioner's argument, though, has to be To prevail on that ground That when, through inadvertence or mistake An officer of the United States fails to take The oath required under Article VI Which, as Judge Griffith pointed out Has a different textual basis Than the oath of the President That every action taken by that officer Is thereby invalid And no decision of this Court or the Supreme Court Supports that premise Then no case contradicts that premise, either Well, no case contradicts it Although we point out in our brief I guess the theory would be The government hammers people all the time As your inadvertence and mistake And, you know, when the government makes And we could have fired the Board members For this reason, I think, Your Honor The United States government is entitled To insist that its officers take oaths The Constitution requires that And the oaths are all over the Constitutional text As you're aware I am, Your Honor The framers were very insistent on the oath Indeed, which is why we're not disputing That an oath is necessary But, again, to your point, Your Honor Oaths are all over the Constitutional text And we assume the framers mean what they say As to the President, they say He must take an oath Before he takes up the office The Article 6 requirement Which, let's remember, applies To both state and federal government officers Does not have that language But hasn't the Court told us To look to practice as well When judging? And the practice here, as you've acknowledged Has been you can't enter into the office Without having taken the oath And that's because, by statute, the Court has And the theory there is That you become a different person With different loyalties Once the oath is taken Why doesn't that argument If it's preserved If it's preserved If it's preserved, why doesn't that Lead right into the felon's argument That this was There was a taint associated with this It wasn't Everything involved in this In the investigation was Is tainted because it wasn't done By the rules of the Constitution So, again, we agree that an oath Should have been taken It has now been taken On the question whether But that's important It would be one thing If the oath was taken And then the action was started again The investigation was started again Because they're now different people, right With this new obligation And they undertake the investigation With that new obligation in mind That wasn't done here Again, why doesn't that Why doesn't that reinforce Mr. Cox's argument That this whole process was tainted Irreparably So, it does not taint the appointment Because taking an oath under Article 6 Is not an aspect of the appointment itself As we know from Marbury v. Madison The appointment was consummated When the commission voted to Absolutely, and you go on the payroll Yes But there's a difference Between going on the payroll You're appointed And then taking action against others And the oath has always been understood to be  I agree And the question in this case We think is a remedial one, Your Honor The issue is Well, if I became a judge Appointed, had my commission And issued a bunch of decisions In my first few months But I'd forgotten to take the oath Those be valid decisions Because I later took the oath? I don't know the answer to that question But I don't think it's obvious Your Honor I think it's pretty obvious What then is the purpose of the oath? The oath is absolutely If it isn't to affect the decision Immediately before the officer or the judge Then what purpose is it? The purpose of the oath Is exactly as the court says It is to put a person in a frame of mind And again, I don't want to be misunderstood As disparaging the purpose of the oath And if I hadn't taken that oath If Judge Kavanaugh hadn't taken that oath And decided the decision Under the Constitution He would not be in the frame of mind That the framers intended So you've got to do it again And from the beginning of this republic Congress has enacted statutes That impose various requirements To assuming the office Let's look at the Supreme Court's LeBron case In the LeBron case Not LeBron, LeBaron, excuse me In LeBaron, the court said Look, the appointment is valid When the appointment is made Congress can thereafter impose Additional requirements Antecedent to assuming the powers of the office And what those additional requirements were In LeBaron It was a bond The old practice of requiring federal officials To post a bond Before assuming the powers of their office And also the oath And if the court looks back At cases from the 18th century There are some that say Under the facts of the statute in that case You had not posted a bond You could not exercise the powers of your office And others, they interpret the statute and say Well, here we don't think the bond was an antecedent I think your argument is that An oath can be retroactive And that I'm not making a retroactivity argument Well, I think Because you're saying The fact that they took it now They have now taken it Which is good enough And No, what we're saying is We agree At the time that the decision This case was entered They had not taken an oath We're not contending That the oath that they have now taken Is retroactively valid at some point In some sense What we're trying to say is That as a remedial matter The question is what happens When an officer is not bound by any statute That requires I think everything's void Isn't that what happens? Well, not necessarily, your honor That question has never been decided And furthermore I understand that If it's preserved And we have to get to it We have to decide it one way or another So to say it's never been decided Just heightens the importance of the issue It doesn't tell me which way to decide the issue Well, and the authorities that exist on this question Who are cited in our brief They are the Metcham Treatise from 1890 Which says that the oath is not a criterion of the office The Office of Legal Counsel decisions Which rely on that Metcham Treatise There's an 1855 SDNY decision About Customs House officers Who said that although They generally are required to take the oath That oath doesn't invalidate their ability To exercise the office And then we have the very first statute Enacted by the very first Congress Which was regulating the taking of oaths And that statute As to state officers said You can wait up to 30 days And so it certainly bespeaks Not six years, what was it here? It was quite a period, multiple years But again, Petitioner's argument, recall Is that it is a constitutional requirement You cannot exercise any power of your office Absent the oath And that very first statute The way you just stressed that Makes it sound like it's extreme I thought that was obvious That you can't do anything significant Until you take the oath As an officer of the United States It is absolutely best practice And the consistent practice under statute But again, we have a different Constitutional text for the President And for other officers The Article 6 requirement Does not have that antecedent I don't want to belabor it But the different Constitution But I will The different Constitutional text Is interesting in the abstract But then we look at the Article 6 oath And you're not saying Oh, that just means you can take it At any time before you exit office Correct? Correct So by necessary implication of reading it It is suggested that you take the oath Before you start doing things But we know from the very first statute And the very first comment 30 days But again, that refutes the contention That you could not have done anything But there was a transition Can I ask a question about commission? Of course On the commission issue Which I find interesting At least in the abstract What is the current practice And rule on commissions For officers who are Officers of the United States But are inferior officers Who may not have been Appointed by the President directly Right, so as the Court knows The practice for officers Appointed by the President Either inferior or principal Is that the President Consummates the appointment By signing a commission Generally, although I don't understand That that's the universal practice With respect to some officers In the military As the Federal Circuit case cited In our brief indicates As to officers appointed By the heads of departments Who are inferior officers My understanding is that Although many receive commissions Directly, not all do And that in fact The commission practice works As in the manner that Chief Justice Marshall In Marbury v. Madison contemplated Which is that he says Look, that is a duty Independent of the appointment Which, the performance of which Perhaps may not legally be refused So if an inferior officer Says to the President Hey, I know I'm lawfully appointed I was appointed by the vote Of the Securities and Exchange Commission But I'd like my commission That that commission generally issues But that it is not the case That in every circumstance A commission automatically issues To every inferior officer Appointed by the head of a department And the Court in Marbury v. Madison Bless that practice In fact, the Court said If I recall this Around page 156 of the opinion The Court says If the Chief Executive had said That every officer Shall take upon himself To request the commission The appointments would be No less valid as a result So it's just a question Of how the President performs The duty to commission officers Of the United States And nothing in this Court's cases Or certainly not in Marbury v. Madison Suggests that a litigant Can say, although you can't Produce that piece of paper And here they didn't even say that Until it was too late But because you can't say You haven't produced that piece of paper You cannot lawfully exercise The powers of your office Speak to the preservation Of this issue, please Yes, so on the Both of these issues were raised For the first time in briefing In front of the commission If the Court looks Even to the notice of appeal The functioning notice of appeal To the commission That's at 887 of the record All that the petitioner Said they were raising In the commission Was the free enterprise Final point about the ratification And the right to counsel point Neither the oath Nor the commission argument Was mentioned It was raised for the first time In the commission The commission's decision itself Which begins at page 266 of the record Says this is forfeited But then goes on to address it On the merits and an abundance of caution But I think candidly What happened here And counsel will be in a better position To address this Is that argument didn't occur to them Until Justice Alito published His concurring opinion In the Amtrak case in the Supreme Court Which happened after the appeal Had already been taken to the commission And the oath one in particular I think underscores the reasons Why we insist on preservation When this issue was presented The board members took the oath If the issue had been presented to the board They could have taken the oath at that time And obviated any need for this court To address the question That's the reason we insist On the presentation of issues to agencies They say in essence That it's a structural issue They do say that, your honor But even structural issues Typically we require structural issues The court has used the word structural In a couple different senses And in the sense in which This court addressed structural landry That meant you're not required to show prejudice And we're not suggesting That they're required to show prejudice From the oath But we do think they have to preserve the error And the reason for preservation Is that, as the court well knows The point of that doctrine Is you give agencies an opportunity To correct their errors This was an oversight I don't know this for sure Because it's not in the record My speculation personally Is that because the board is not An agency of the United States by statute The oath statute doesn't apply And my guess is some board lawyer Went through the list of statutes That apply to them Didn't stumble upon the oath And forgot When it was fixed, it was fixed And if the issue had been raised It would have been fixed sooner Thank you very much Thank you We'll hear from the lawyer From the SEC please Good morning Lisa Halvan For the Securities and Exchange Commission Why don't I start with your question Judge Kavanaugh About why the rule exists as it does And I think I want to emphasize that In the adopting release for the rule The board encouraged the staff To allow an expert When appropriate And the board said that It expects the staff To be accommodating Of requests for experts The one exception that it called out Was the one that happened here Where an accounting firm Wants a senior partner To sit in on the testimony Of all of its witnesses And it said In that particular circumstance That expert is not The expert that we want To attend the testimony And I think Why? What's the reason for that? What's the rationale behind that? Well As the board explained In the adopting release It doesn't want One of its senior accounting partners To be sort of Effectively supervising Or directing the testimony But there were lawyers From Ernst & Young there There were lawyers From Ernst & Young there And I presume They were in the senior position Of the firm? Yes And the staff here Through the rule So what's the difference? If the idea behind this distinction Is that you don't want To let management Know what's going on You know That's not possible You've got their lawyers there The lawyer's going to be Breaching an obligation If she doesn't inform management What's going on So I don't understand The distinction Of course Practically speaking That is true But I think the reality is That the staff Had the discretion And were encouraged Through the adopting release To exclude that particular accountant They didn't have the discretion To exclude counsel Because the rules said That counsel But I'm trying to get it You're saying They had the discretion To exclude that expert And then the because As I understand Because that expert Was part of management But you had a lawyer Sitting right there Who was part of management As well So I don't To me that rationale Breaks down Maybe I'm missing something But I do understand Your concern I think the point here In-house counsel Won't always attend Perhaps But we're talking about In this case Of course But speaking to the purpose Of the rule Which is the origin Of the question I think the rule Gives discretion to exclude Sure but then If that's the purpose Of the rule It breaks down in this case Because you've already Allowed the lawyer From the firm To be there So you have to come up With some of the reason To not allow an expert To be there And I don't think There is one But I think the reality Is that that is how The rule is drafted And the board The staff Exercise the discretion They understood Themselves to have And I think it's really Important to emphasize Here that Are we to enforce A rule If we don't think It makes any sense If it's inconsistent Isn't that sort of The textbook definition Of arbitrary and capricious Well I think I want to turn to the facts Because I think it's Really helpful To look at the facts To understand The perception The argument That there was prejudice As a result of this decision Here Which is that Before that Can I ask just one question Do you agree That Whitman Is correctly decided That was certainly The district court's Reading of the APA It's the Sure Do you agree That Whitman Was correctly decided That question Wasn't presented I'm not authorized To speak on The scope Of Whitman And whether it was Correct That's not The commission Did appeal that decision I can say that Are you arguing That we should not Consider Whitman Correctly decided No Okay That's all I need The commission Didn't appeal Whitman But then I do want to Speak to The APA And prejudice If I may Even assuming That the rule Articulated in Whitman The APA based rule Applies here And The court Can certainly Say that Although Of course the APA Doesn't apply To the PCAOB But even if The court Sort of imported The Whitman rule To the PCAOB context Under the APA There's still A harmless error Analysis And here A petitioner Just hasn't shown That he was harmed By this decision Recall that this was Ernst and Young's request Not his request Personally To have Its expert Attend Neither Ernst and Young Nor he on his own Behalf Ever sought to clarify The scope of the denial To say You know You denied this expert But I'm confused Because in-house Counselors are attending Neither ever proposed Another expert So said You know This is really important To us Let's go find Someone else Who can provide The same level Of expertise here After the testimony Mr. Lichetti Never sought To strike Or amend Or otherwise Clarify any of his answers Which the staff Had specifically noted That he could do In their letter And you would And this whole time Both he and Ernst and Young Were represented By experienced Outside counsel From Latham and Watkins So you would have Expected them To have taken Some of these steps If in fact The lack of an expert Made a difference To the defense Do you think If the counsel Had been denied Not the expert That you could Apply harmless Error analysis To that Perhaps I think That would be A sort of More clear Violation of the Board's rules Assuming That you do Sort of look To the APA Harmless error Standard Or even If you're Looking at this As a Fifth degree Error In the Fifth Amendment Case Although as Judge Wilkins pointed out The Fifth Amendment Doesn't apply here But looking to Those sort of Analogous Legal scenarios Where lawyers Where witnesses Are entitled to Lawyers Both the APA And the Fifth Amendment Right to counsel Do have a Harmless Error Do apply Harmless error And so I think Yes you probably Would apply Harmless error Analysis To this Although in That situation I imagine It would be Easier to show Prejudice And I think that's Where the Structural And another Sense of Structural Some errors Are structural And you Can't You don't Do the Traditional Harmless error Analysis Because it's Impossible Really to do It That's true So if You look At this As an APA And why isn't This If counsel Is like That And I Know you Didn't Concede that But if Counsel Is like That why Isn't the Expert Also like That Well I Think the Analogy Then is the Sixth Amendment Is that Right  So Here the Evidence was In fact Effectively Excluded Neither the Board Nor the Commission Relied on Mr. Lucchetti's Investigative Testimony Both Found That Ample Other Evidence Established Liability And that's At Joint Appendix 855 And 2087-88 And Then One more Step here We have Ratification As well And Under cases Like dueling And combat Veterans The Board's Final decision On the Merits Necessarily Cured Any Decision In the OIP If one Looks at The error As one That sort Of Tainted OIP Then Again The remedy Is there It's Ratification So Even Assuming an Error Here They're Just He's Just Not Entitled To Any Relief At This Point He's Gotten All The Relief That He Was Entitled To Thank you Very Much How Much Time Does Mr. Cox Have Four Minutes Okay Four And A Half Minutes Could You Start With The   First          Much Thank You Very Much Thank You Very Much Thank You Very Much Thank You Very Much Thank You
judges: Griffith, Kavanaugh, Wilkins